UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK J. McNELIS,                               Case No. 08-12529

        Plaintiff,                           Arthur J. Tarnow
vs.                                               United States District Judge

COMMISSIONER OF                                   Michael Hluchaniuk
SOCIAL SECURITY,                                  United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION FOR ATTORNEY FEES UNDER EAJA (Dkt. 28)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act on August 9, 2005, alleging an onset date of May 15, 2004. The application was denied on November 22, 2005. Plaintiff filed a timely Request for hearing on January 10, 2006 and the hearing was held on November 16, 2006 before ALJ Ethel Revels. Evan Zagoria, an attorney, represented plaintiff at the hearing and Richard Szydlowski testified as the Vocational Expert ("VE"). In a decision dated May 17, 2007, the ALJ denied plaintiff's application and found plaintiff not disabled. Plaintiff filed a request for review of the hearing decision on May 24, 2007, which was denied by the Appeals Council on May 16, 2008, making the ALJ's decision the final decision of the

Commissioner.

Plaintiff then brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner denying his application for DIB. Both parties have filed motions for summary judgment, on which Magistrate Judge Steven D. Pepe issued a report and recommendation. (Dkt. 23). Judge Pepe recommended that plaintiff's motion for summary judgment be granted and that defendant's motion be denied. On September 29, 2009, District Judge Arthur J. Tarnow adopted this recommendation in part, and remanded for further proceedings. (Dkt. 26, 27).

On December 24, 2009, plaintiff filed a motion for fees and costs under the Equal Access to Justice Act. (Dkt. 28). Defendant filed a response on January 7, 2010. Plaintiff filed a reply on January 14, 2010. (Dkt. 31). On January 25, 2010, Judge Tarnow referred this motion to the undersigned for hearing and determination. (Dkt. 32).[1]

For the reasons set forth below, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) that fees in the amount of $7,990.75 be awarded to plaintiff; (3) that the Commissioner must determine

---

[1] A magistrate judge may not hear and determine a post-judgment motion for fees, because it is not a "pretrial matter," and it is considered "dispositive of a claim." Thus, undersigned has issued a report and recommendation under 28 U.S.C. § 636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government; and (4) if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel.

## II. ANALYSIS AND CONCLUSION

### A. Was Commissioner's Decision Substantially Justified?

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Soc. Sec. Comm'r*, 104 F.3d 853, 855 (6th Cir. 1997). The burden rests with the Commissioner to establish that his position was substantially justified, *see Department of Labor Sec'y v. Jackson Co. Hosp.*, 2000 WL 658843, *3 (6th Cir. 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was

found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir. 1997); *see also Couch v. Sec'y of Health and Hum. Serv.*, 749 F.2d 359, 359 (6th Cir. 1984).

According to plaintiff, the Commissioner's lack of substantial justification in the pre-litigation stage is shown by the ALJ's failure to take into account plaintiff's frequent need for bathroom breaks when determining his ability to work in the national economy; give proper weight to the treating physician's opinions; and properly consider plaintiff's medication side-effects as instructed by SSR 96-7p. According to plaintiff, where legal error results in reversal of the ALJ's decision and where such legal error is contrary to "clearly established statutory and court precedent," the ALJ's decision and the Commissioner's position before the Court is not substantially justified.

Defendant argues that, in assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's position and "being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996). Here, the government argues that its position was substantially justified given the Court's ultimate agreement with the Commissioner on three of six issues (found by

Magistrate Judge Pepe to be errors requiring a remand). Thus, the government argues, that its position in the case as a whole was substantially justified. However, the government also acknowledges that the Court remanded the case because the ALJ either did not apply various enumerated factors listed in the regulations, or did not give good reasons for the weight given to the treating physician's opinion.

In this case, the undersigned finds that the Commissioner has not met its burden of showing that its position was substantially justified. After review of the record, the Court previously found that the decision of the ALJ did not give appropriate weight to plaintiff's treating physicians and/or did not adequately explain why he departed from the diagnoses of those physicians. Simply put, the ALJ did not set forth "good reasons" for discounting the opinions of plaintiff's treating physicians. Therefore, the Court found that a remand was required so that the ALJ could, among other things, explain more fully why he rejected the opinions of plaintiff's treating physicians. The Sixth Circuit has ordered awards of attorneys' fees under the EAJA where the government's litigating position was inconsistent with established precedent. *See e.g.*, *Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir.1997); *see also Walker v. Astrue*, 2010 WL 596451, *2 (N.D. Ohio 2010). In addition, "Social Security Rulings are binding on all components of the Social Security Administration. These rulings represent

5

Report and Recommendation
Motion for EAJA Fees
*McNelis v. Comm'r*; Case No. 08-12529

'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006), quoting, 20 C.F.R. § 402.35(b)(1). It is well established that an ALJ cannot simply disregard the clear opinions of a claimant's treating physicians, without adequate explanation, which is what happened in this case. The undersigned is not persuaded that merely because the Court ultimately found only three errors to exist, rather than six, the government has met its burden of establishing that its position was substantially justified. Viewing the government's litigation in its entirety, the Commissioner was not substantially justified in defending a decision that failed to follow well-established procedures and precedent. As such, the undersigned concludes that defendant's position was not "substantially justified" in this matter and fees should be awarded.

  B. <u>Are the Fees Requested Reasonable</u>?

The EAJA permits an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving the reasonableness of the fees requested. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts regularly utilize the lodestar approach to calculating attorneys fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in

6

Report and Recommendation
Motion for EAJA Fees
*McNelis v. Comm'r*; Case No. 08-12529

the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Although the EAJA limits attorneys fees to the litigation process, *id*. § 2413(a)(1), this includes the EAJA application process. *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162 (1990). While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented. *Henley*, 461 U.S. at 433-34.

Defendant argues that the fee request in this case is excessive for several reasons. First, according to defendant, the amount of fees requested reflects excessive numbers of hours spent in preparation of plaintiff's case. The Commissioner seeks a reduction in plaintiff's request billing for total time spent by two attorneys and a law clerk of 64.55 hours to prepare and file plaintiff's case. Defendant contends that plaintiff seeks fees for excessive hours spent on a relatively routine disability case with a transcript containing only about 330 pages. Defendant also points to Sixth Circuit authority holding that, absent extraordinary circumstances, the average number of hours for an attorney to work on a routine Social Security cases ranges from 30 to 40. *Hayes v. Sec'y of Health and Human Serv.*, 923 F.2d 418, 420 (6th Cir. 1990). Defendant also asserts that time should also be excluded from plaintiff's application for EAJA fees for all times devoted to drafting and filing plaintiff's motion for extension of time. According to defendant, time that plaintiff's attorneys and law clerk have devoted to file an

extension of time because of an inability to meet filing deadlines is not reasonably necessary, and reimbursement would be inappropriate. *See Wright v. Astrue*, 2008 WL 878795, *3 (E.D. Mich. 2008).

The undersigned finds that, taken as a whole, the hours expended by plaintiff's attorney were reasonable. In a routine social security disability case, the Sixth Circuit has concluded that a range of 30 to 40 hours is typical. *See Hayes v. Sec'y of Health and Hum. Serv.*, 923 F.2d 418, 420 (6th Cir. 1990) ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). That does not mean, however, in the view of the undersigned, that the hours reported by plaintiff's attorney (64.55) are automatically unreasonable. The Court finds that the hours expended by plaintiff's attorney and law clerk were generally reasonable.[2] While none of the issues raised were extraordinarily complex, there were a multitude of errors raised by plaintiff, which were extensively briefed at both the initial briefing stage and after objections were filed. The number of pages contained in the record is not generally indicative of the time necessary for review and analysis. Sometimes a social security transcript may contain extraneous or duplicative material while on

---

[2] The undersigned disagrees with defendant that the time associated with seeking an extension is not chargeable to the government. Where there is no suggestion or evidence that plaintiff's counsel was dilatory, seeking an extension is often a necessary and ordinary part of the litigation process. *See e.g.*, *Zanon v. Comm'r*, 2010 WL 1524143, *3 (E.D. Mich. 2010).

other occasions, each page must be carefully reviewed and analyzed in order to understand all the issues. Moreover, as is often the case with litigation, theories, analyses, and research may be undertaken, reworked, and ultimately rejected by counsel, which is difficult to account for in the final product presented to the Court. The 64.55 hours expended by plaintiff's attorney and his law clerk on this case are within the range of reasonable time expended in such a case.

    C.    <u>Should the Hourly Rate Exceed the Statutory Cap</u>?

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir.1986). Plaintiff seeks to recover at a rate of $170 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Martin v. Comm'r*, 82 Fed.Appx. 453, 456 (6th Cir. 2003) ("This Court [ ] finds that the rate of $125 per hour, as set by statute, should apply in this case, notwithstanding [plaintiff's] counsel's claim that he should be entitled to a

9

Report and Recommendation
Motion for EAJA Fees
*McNelis v. Comm'r*; Case No. 08-12529

higher rate."). The Sixth Circuit has determined that whether a cost of living adjustment above the statutory cap is warranted is a matter committed to the district court's discretion, and that a district court generally acts well within its discretion when it declines to make such an adjustment. *See Begley v. Sec. Health and Human Serv.*, 966 F.2d 196, 199 (6th Cir. 1992).

The undersigned concludes that no adjustment above the statutory cap is warranted here. Plaintiff's counsel does not make any effort to establish a prevailing market rate for Social Security appeals in the Eastern District of Michigan, which is his burden. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2004) ("[T]he 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record ... ."). Rather, the data presented related to the Northern District of Illinois, where the rates are presumably higher. (Dkt. 28).[3] Moreover, the "mere citation of cost-of-living increases since the enactment of the $125.00 statutory cap does not carry the plaintiff's burden of showing evidence that a higher rate was actually *billed* and *paid* in similar lawsuits." *Burkett v. Astrue*, 2010 WL 881905 (E.D. Ky. 2010). The maximum hourly rate provides adequate and appropriate compensation for the work performed in this matter by plaintiff's

---

[3] The undersigned is unpersuaded by the National Law Journal data presented by plaintiff's counsel in the reply brief, which relates to the average hourly rate of lawyers from the 250 largest law firms in the United States in 2005.

attorney, and that no special factor warrants a rate in excess of $125 per hour.[4]
Multiplying the 60.2 hours reasonably expended by counsel and the $125 per hour rate results in a total of $7,525 for plaintiff's attorney's fees.

The parties also dispute the appropriate rate for the law clerk fees. In *Allshouse v. Comm'r*, 2009 WL 4884968, *7 (E.D. Mich. 2009), the Court concluded that $105 per hour was reasonable for this same law clerk and in *Zanon*, the Court concluded that $125 per hour was appropriate, given "the passage of time." In the view of the undersigned, $105 per hour for law clerk time is reasonable. Multiplying the 4.35 hours reasonably expended by the law clerk and the $105 per hour rate results in a total of $456.75 in fees.

D.   Should Fees Be Paid Directly to Plaintiff's Attorney?

Judgments are entered by the Court for or against the parties to a lawsuit, not the attorneys representing the parties. The EAJA provides in pertinent part that the court must award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). The Commissioner argues that the Court should direct that any award of EAJA fees be payable to plaintiff, not plaintiff's attorney, citing the United States Supreme Court's recent decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). According to

---

[4] The undersigned is aware that plaintiff's counsel has been awarded fees at the $170 rate in other cases in this District. *See e.g.*, *Zanon v. Comm'r, supra*. However, in *Zanon*, the government did not object to the rate and thus, no analysis regarding the propriety of the upward adjustment was undertaken in that case.
`
`

plaintiff, because of the assignment of the right to attorney fees to plaintiff's counsel, *Ratliff* is not controlling.

In *Ratliff*, the social security claimant prevailed in her appeal of the denial of benefits, and later sought attorney's fees as the prevailing party under the EAJA, 28 U.S.C. § 2412(d). Before paying the award, the Commissioner discovered that the claimant owed a preexisting debt to the government, and sought an administrative offset of that amount from the EAJA award. The claimant's attorney intervened to challenge the offset, arguing that the EAJA award belonged to her as the claimant's attorney, and thus could not be used to offset her client's debt. The Supreme Court granted *certiorari* to determine "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to his attorney." *Ratliff*, 130 S.Ct. at 2524. The Court held that, pursuant to the plain language of the statute, such an award is "payable to the litigant[.]" *Id*. The Court rejected the contention that the Commissioner's historical practice of paying lawyers directly in cases where the claimant had assigned her rights to the fee, and owed the government no debt, mandated a different result. *Id*. at 2528-29; *see also id.* at 2530 ("The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J. concurring). Because the EAJA award was 'payable to the litigant,"

it was subject to the government offset to satisfy the claimant's debt. *Id*.

As recently noted by a federal court from the Eastern District of Arkansas, following the *Ratliff* decision, a number of lower courts have considered whether an EAJA award should be directed to the claimant's attorney based on a contractual assignment between the claimant and his lawyer. *Johnson v. Astrue*, 2010 WL 3842371, *2 (E.D. Ark. 2010) (collecting cases). These courts have reached varying conclusions as to whether, in light of an assignment, the attorney fee can be paid directly to the plaintiff's lawyer or must still be made to the client. Based on a review of the post-*Ratliff* case law, the Arkansas District Court reached the following conclusions:

> While the Court is in a position to determine if Plaintiff has assigned his right to an EAJA award to his lawyer, it is not in a position to know if Plaintiff is indebted to the Government, something that would directly affect whether Bartels is entitled to none, some, or all of the attorney's fees. In contrast, the Commissioner is in a position to determine both whether a claimant has made a valid assignment and whether a claimant is indebted to the government. Accordingly, the Court concludes that it should be the Commissioner, not this Court, that makes both of those determinations after the entry of this Order awarding attorney's fees.

*Johnson*, at *3. The same is true here, while plaintiff has presented the assignment, the Court does not know whether plaintiff has any valid debt owing to the government. Thus, the undersigned concludes that, despite the assignment, there is

no basis to vary from *Ratliff* and the Commissioner will have to determine (a) whether plaintiff has made a valid assignment; and (b) whether claimant is indebted to the government. If the assignment is deemed valid and plaintiff is not indebted to the government, the Commissioner may pay the attorney fees directly to plaintiff's counsel without running afoul of *Ratliff.*

## III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) that fees in the amount of $7,990.75 be awarded to plaintiff; (3) that the Commissioner must determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government; and (4) if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 20, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

15

Report and Recommendation
Motion for EAJA Fees
*McNelis v. Comm'r*; Case No. 08-12529

**CERTIFICATE OF SERVICE**

   I certify that on October 20, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Evan A. Zagoria, Frederick J. Daley, Jr., Theresa M. Urbanic, AUSA, and the Commissioner of Social Security</u>.

              s/Darlene Chubb
              Judicial Assistant
              (810) 341-7850
              darlene_chubb@mied.uscourts.gov