UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK J. MCNELIS, | Case No. 08-12529 |
| Plaintiff, | SENIOR UNITED STATES DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| COMMISSIONER OF SOCIAL SECURITY, | UNITED STATES MAGISTRATE JUDGE MICHAEL HLUCHANIUK |
| Defendant. | |
| _____/ | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS [36], ADOPTING WITH MODIFICATION THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [35] AND GRANTING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [28]

On October 20, 2010, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") [35] that Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA") [28] should be **GRANTED** but that fees should be awarded in the amount of $7,990.75 instead of the $10,777.75 counsel was seeking. The Magistrate Judge also includes as part of his recommendation that the Commissioner must determine whether the assignment to Plaintiff's counsel is valid and whether Plaintiff is indebted to the government; if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award must be payable directly to Plaintiff's counsel.

On November 2, 2010, counsel for Plaintiff filed an Objection. Defendant has not filed a response.

**I. STANDARD OF REVIEW**

This Court reviews objections to a Magistrate Judge's Report and Recommendation *de novo*.

*See* 28 U.S.C. §636(b)(1)(C).

## II. ANALYSIS

Plaintiff argues that the Magistrate Judge erred in finding that counsel is not entitled to an award of the EAJA statutory maximum rate of $125 plus COLA. Plaintiff asserts that the Magistrate Judge mistakenly required that "special circumstances" exist in order to award a rate above the statutory maximum.  *See* Plaintiff's Objection at 2.

However, the Magistrate Judge made no such finding.  Rather, he properly found that although the Supreme Court has indicated that the $125 maximum rate applies "in the mine run of cases," the EAJA states that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *See* R&R at 9.  He went on to find that neither an increase in the cost of living nor a special factor justified a higher fee in this matter.

Counsel further argues that in setting the rate at $125 per hour, the Magistrate Judge failed to give sufficient weight to the National Law Journal data he provided and his experience as a Chicago attorney.  However, the Magistrate Judge properly concluded, based on the evidence presented to him, that a rate above the statutory maximum was unwarranted under the circumstances of this case.

Counsel is being awarded the statutory maximum of $125 per hour.  Whether to award above that is a decision left "to the sound discretion of the district court."  *See Begley v. Sec. Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992).  Plaintiff "bear[s] the burden of producing appropriate evidence to support the requested increase.... [He] must produce satisfactory evidence–

in addition to the attorney's own affidavits[1]– that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Bryant v. Comm. of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citation and internal quotation marks omitted).

The Magistrate Judge properly found that Plaintiff's counsel failed to meet his burden. As indicated in the R&R, counsel did "not make any effort to establish a prevailing market rate for Social Security appeals in the Eastern District of Michigan." *See* R&R at 10. Although counsel argues that Chicago is the relevant market for a determination of the fee rate, the Magistrate Judge correctly concluded that the Sixth Circuit has determined that the proper market for courts to consider in setting the rate is the "legal community within [the] court's territorial jurisdiction." *See Adcock-Ladd v. Sec. Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). Plaintiff asserts in his Objection that data from the National Law Journal 2006 survey[2] demonstrates that a higher rate is appropriate since partners at large Michigan law firms have higher hourly rates. *See* Plaintiff's Objection at 2-3. However, this survey information as described does not indicate rates charged for Social Security

---

[1] The Court notes that Plaintiff's counsel has failed to comply with both L.R. 54.1.2(b), which requires that a motion for attorney's fees be "supported by an affidavit of counsel..." and L.R. 54.2(b)(5), which requires that a social security fee motion include a "certification by counsel that [the] hours are accurate and they are derived from contemporaneous time records." Plaintiff's counsel has failed to submit an affidavit and a certification. Despite this, the Magistrate Judge still made a recommendation that counsel is entitled to the maximum statutory rate.

[2] Plaintiff refers to data from the National Law Journal 2006 survey in his Objection but failed to submit this survey as an exhibit with any of his filings, including his Application for Attorney Fees or reply brief. In his reply brief, he offers the 2005 survey. *See* Plaintiff's Reply, Exhibit A. In his Application for Attorney Fees, he offers the 2005 Survey of Salaries and Benefits prepared for the Illinois Paralegal Association and the 2004 National Utilization and Compensation Survey Report from the National Association of Legal Assistants. *See* Plaintiff's Application, Exhibit E and F.

appeals in the Eastern District of Michigan and thus does not establish what the prevailing market rate is for these types of cases. Additionally, none of the attorney affidavits Plaintiff submits with his Objection establish such a rate.[3] The Magistrate Judge acted within his discretion in concluding that under the circumstances of this case, a fee above the statutory rate is inappropriate.

Counsel further objects to the R&R on the grounds that an award above the statutory maximum is appropriate because "there is a limited availability of qualified attorneys available to represent Social Security claimants in the Eastern District of Michigan." *See* Plaintiff's Objection at 4. However, the record is void of any indication that this is correct. Plaintiff failed to establish this with the evidence he submitted to the Magistrate Judge. Counsel now offers new evidence with his Objection in the form of affidavits from attorneys but, as indicated in Footnote 3 of this order, he is not permitted to offer new evidence with his Objection that was not submitted to the Magistrate Judge. However, even if the Court considers these affidavits, they do not establish that there are a limited number of qualified attorneys available for these cases in the Eastern District of Michigan.[4]

---

[3] Moreover, this new evidence submitted with his Objection is inappropriately offered to this Court, as "new issues raised for the first time in objections to reports of magistrate judges are waived." *See Hamlin v. Comm. of Soc. Sec.*, 2006 U.S. Distr. LEXIS 95865 (E.D. Mich. 2006) (citing *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000)).

[4] Exhibit C is an affidavit from a non-attorney that claims that there is only one attorney in Southeastern Michigan who accepts referrals to file these cases but does not name the individual. Exhibit C also includes an affidavit from an attorney who indicates that he has only found one other attorney besides Plaintiff's counsel to handle cases but does not indicate what efforts he has made to find counsel, nor does he indicate that he is unable to find counsel specifically to represent individuals in the Eastern District of Michigan. Exhibit D contains an affidavit from an attorney who practices in Illinois that indicates that there is a general lack of law firms to litigate Social Security cases but does not indicate a lack of qualified attorneys in the Eastern District of Michigan. Exhibit D also includes an affidavit from an Illinois attorney who asserts that there are very few attorneys "located in East Central Illinois willing to accept referrals for Federal Court filing." *See* Plaintiff's Objection, Exhibit D. That of course indicates nothing about the number of qualified attorneys available in the Eastern District of Michigan.

Plaintiff further objects to the Magistrate's ruling that fees for counsel's law clerk were awarded at a rate of $105 per hour; counsel seeks a rate of $125 per hour. This objection lacks merit. The Magistrate properly concluded that $105 per hour is a reasonable rate. Moreover, in light of counsel receiving the statutory maximum rate of $125 per hour, a higher rate for his law clerk is unjustified.

Finally, the Court notes that counsel seeks additional fees (beyond what the Magistrate Judge ordered) for his and his law clerk's work on the reply brief in this case, as well as the preparation of this Objection. The Court declines to award fees for this Objection, as it lacks merit. Moreover, the Court declines to add an additional hour of time that counsel now claims "was missing" from the time log submitted with Plaintiff's Application for Attorneys' Fees. However, the Court will permit an additional award for the hours counsel claims to have spent on the reply brief [31]. For counsel's two hours of work and his law clerk's three hours, Plaintiff is awarded an additional fee of $565, making for a total of $8,555.75.

## III. CONCLUSION

The Court has reviewed the record in this case, and being fully advised in the premises,

The Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court, with the modification that attorneys' fees in the amount of $8,555.75 are awarded to Plaintiff.

 Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Attorney's Fees Under the Equal Access

---

Regardless of the fact that these affidavits do not establish a lack of qualified Social Security attorneys in the Eastern District of Michigan, they were not, as noted above, submitted to the Magistrate Judge and are thus inappropriately offered as new evidence with the Objection.

to Justice Act [28] is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's Objection [36] is **OVERRULED**.

**SO ORDERED.**

        S/ARTHUR J. TARNOW
        Arthur J. Tarnow
        Senior United States District Judge

Dated: February 23, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 23, 2011, by electronic and/or ordinary mail.

        S/Felicia Moses for LISA M. WARE
        Case Manager